CUTLER LAW GROUP, P.C.
M. RICHARD CUTLER
California Bar No. 151978
Federal Bar. No. 101150
3355 W Alabama, Ste 1150
Houston, Texas 77098
Telephone: 713-888-0040
Facsimile:  800-836-0714

Attorney for Defendants

KENNETH G. EADE
SBN 93774
E mail: keneade93101@yahoo.com
6399 Wilshire Blvd. suite 507
Los Angeles, CA  90048
(323) 782-8802

Specially Appearing for Defendants,
ANTHONY GENTILE and
CRISNIC FUND, SA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEXUAN YAO, | ) | CASE NO.  SACV 10-1299(JCGx) |
| | ) | |
| | ) | MOTION TO QUASH SERVICE |
| | ) | AND MEMORANDUM OF POINTS |
| | ) | AND AUTHORITIES |
| Plaintiff, | ) | |
| | ) | |
| | ) | Date:  None |
| CRISNIC FUND, S.A., ANTHONY GENTILE, | ) | Time: None |
| ED FURMAN, and DOES 1-10, | ) | |
| | ) | Judge: Andrew J. Guilford |
| Defendants | ) | |

Defendants, CRISNIC FUND, S.A. and ANTHONY GENTILE, appearing specially

herein, hereby move this Court for an Order Quashing Service of the summons and complaint

in this action and the Court's Order to Show Cause Why a Preliminary Injunction Should Not

1

Issue upon CRISNIC FUND, S.A. and ANTHONY GENTILE, pursuant to Rule 12(b)5 of the Federal Rules of Civil Procedure, and Fed.R.Civ. P. 4(e), as follows:

1) The declaration of Stanley C. Morris filed August 26, 2010, indicates that he attempted to serve the Order to Show Cause by email to tony@crisnicfund.com and was unsuccessful in faxing the Order to defendants. He further states that he attempted personal service upon Mr. Gentile, a resident of Costa Rica, who is not now and was not present in this country, in Irvine. None of these forms of attempted service qualify as service of the order under the Federal Rules of Civil Procedure.

2) The proof of service, filed September 15, 2010, indicates an attempted substituted service of the "summons, complaint and all accompanying documents" upon Anthony Gentile by personal service upon Attorney Gavridge Perez Porras, who was not authorized to accept service on behalf of defendant.

3) The Declaration of Stanely Morris filed on September 15, 2010, indicates service by international federal express (without proof of return) and U.S. Mail, an improper service under the Federal Rules of Civil Procedure.

Said motion is based on this motion, the separately filed declaration of Anthony Gentile, the attached memorandum of points and authorities, the papers and records on file herein, and upon such other and further evidence as the Court may consider at the hearing of this motion.

Dated: September 17, 2010                    Respectfully submitted,


                                             /s/ Kenneth Eade_____
                                             KENNETH EADE,
                                             Specially Appearing for Defendants

## MEMORANDUM OF POINTS AND AUTHORITIES

I.     THE COURT LACKS PERSONAL JURISDICTION OVER CRISNIC FUND, S.A., A DOMICILIARY OF COSTA RICA, AND ANTHONY GENITLE, A RESIDENT OF COSTA RICA.

Defendant Anthony Gentile lives in Costa Rica.  Defendant Crisnic Fund, S.A. is a domiciliary of Costa Rica.

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides for dismissal of a complaint based upon insufficient service of process.  This Court lacks personal jurisdiction over a resident of a foreign country who has no minimum contacts with the state of California. and any attempted service on that foreign resident in California, where he has no presence at all, is ineffectual.  *Kourkene v. American BBR, Inc.* 313 F.2d 769 (9th Cir. 1963)  *Thomas v. Furness (Pacific) Limited,* 171 F. 2d 434 (9th Cir. 1948).

II.     SERVICE UPON DEFENDANTS WAS IS IMPROPER.

Fed.R. Civ. P. 4(f) provides as follows:

"Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served at a place not within any judicial district of the United States by:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify any other means, by a method that is reasonably calculated to give notice:

(A) As prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C)  unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii)  using any form of mail that the clerk addresses and sends to the individual that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

The Hague Convention on the Service Abroad of Judicial and

Extrajudicial Documents provides in pertinent part:

"Where a writ of summons or an equivalent document had to be transmitted for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that –

a)  The document was served by a method prescribed by the internal laws of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or

b)  The document was actually delivered to the defendant or to his residence by another method provided by this Convention."

/ / /

/ / /

/ / /

Neither an email to the defendant nor service by mail or federal express, nor an attempted substituted service on a person who is not the defendant satisfies the Hague Convention or Rule 4.  Therefore, service upon the defendants of the summons and complaint and Order to Show Cause should be quashed and the action against them dismissed for insufficient service of process.

Dated: September 17, 2010

Respectfully submitted,

/s/ KENNETH EADE
KENNETH EADE,
Specially Appearing for Defendants

**FEDERAL COURT PROOF OF SERVICE**
Yao v. Crisnic Fund, S.A., Anthony Gentile, et al.
**Case No.: SACV 10-1299(JCGx)**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action, my business address is 6399 Wilshire Blvd, Suite 507, Los Angeles, California 90048.

On September 17, 2010 I served the foregoing documents described *MOTION TO QUASH SERVICE AND MEMORANDUM OF POINTS & AUTHORITIES* on the parties in this action at the following addresses:

Brian Thomas Corrigan
Corrigan and Morris
201 Santa Monica Boulevard, Suite 475
Santa Monica, CA 90401
310-394-2800
Fax: 310-394-2825
Email: bcorrigan@cormorllp.com
ATTORNEY TO BE NOTICED

Stanley C Morris
Corrigan & Morris
201 Santa Monica Boulevard, Suite 475
Los Angeles, CA 90401
310-394-2800
Fax: 310-394-2825
Email: scm@cormorllp.com
ATTORNEY TO BE NOTICED

**XXX** BY CM/ECF: The document was electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of the above-described document.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 17th day of September 2010, at Los Angeles, CA 90048.

/s/  JEFFREY VOLPE
JEFF VOLPE